J-S19020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW ANTHONY G. MILLER | : | |
| | : | |
| Appellant | : | No. 1128 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 15, 2020
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000647-2018

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

CONCURRING/DISSENTING MEMORANDUM BY DUBOW, J.:

**FILED: September 7, 2021**

I agree with the Majority's analysis of the issues raised by Appellant, but I do not agree that this Court may consider Appellant's registration requirements *sua sponte*. Thus, I would affirm the Judgment of Sentence.

As the Majority notes, Appellant committed the sexual offenses for which he was convicted in August 2012 and the court informed him after imposing the aggregate sentence of 4 to 20 years' incarceration of his obligation to register as a sexual offender for his lifetime pursuant to the Sexual Offender Registration and Notification Act (SORNA). Majority Memorandum at 7. Since Appellant convicted his offenses before December 20, 2012, he is subject to the registration requirements contained in subchapter I of SORNA, 42 Pa.C.S.

_____

[*] Retired Senior Judge assigned to the Superior Court.

§ 9799.52. In ***Commonwealth v. LaCombe***, the Pennsylvania Supreme Court held that the registration requirements imposed under subchapter I are not punitive and are, therefore, not part of the sentence. Rather, they are collateral consequences. Because registration requirements are not *part* of the sentence, this Court cannot *sua sponte* raise a challenge to their imposition. Appellant did not challenge his registration requirements before the trial court or in his Pa.R.A.P. 1925(b) Statement, and he has not preserved any issue pertaining to them. This Court, thus, does not have jurisdiction to address his registration requirements in this Appeal.